UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Civil Action, Case No. 0:13-cv-60074

DEPENDABLE COMPONENT
SUPPLY, INC.,

    Plaintiff,

v.

FIRST AMERICAN BANK OF
ILLINOIS

    Defendant.
_____/

**MOTION TO PARTIALLY LIFT STAY,
ADMINISTRATIVELY REOPEN CASE, ORDER PAYMENT OF
JUDGMENT AND COSTS, AND SUPPORTING MEMORANDUM OF LAW**

    Defendant, FIRST AMERICAN BANK OF ILLINOIS (hereinafter "FIRST AMERICAN"), by and through its undersigned counsel and pursuant to S.D. Fla. L.R. 7.1 and this Court's Order Staying Case Pending Appeal (ECF No. 16), hereby files its Motion to Partially Lift Stay, Administratively Reopen Case, and Order Payment of Judgment and Costs awarded in a prior action, and, in support hereof states:

    1. On January 11, 2013, pursuant to 28 U.S.C. §1332, FIRST AMERICAN removed this action to this Court. (ECF No. 1)

    2. After removal, FIRST AMERICAN notified the Court of the existence of another action pending in this Court styled: *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc. et al.*, United States District Court for the Southern District of Florida, Case No. 0:10-cv-61519-Cooke/Torres ("original action"). The original action

involves the same parties, the same alleged operative facts and transactions, and seeks the same damages as the above-styled action.  (ECF No. 4 & 5-1)

3. In the original action, Judge Cooke dismissed DEPENDABLE's Complaint against FIRST AMERICAN for failure to state a claim upon which relief could be granted and failure to plead fraud with particularity.  (ECF No. 5-2)  A Final Order of Dismissal was entered on June 9, 2011, and not appealed.  (ECF No. 5-3)  A Final Judgment on costs, including attorneys' fees, was entered on January 26, 2012.  (ECF No. 5-5) DEPENDABLE appealed to the United States Court of Appeals for the Eleventh Circuit on February 24, 2012, and on March 8, 2012, FIRST AMERICAN cross-appealed.  See, *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc., et al.*, United States Court of Appeals for the Eleventh Circuit, Case Nos: 12-11117 & 12-11348.

4. On February 22, 2014, the Parties agreed to stay the above-styled action pending resolution of the original action on appeal, (ECF No. 14), and, on February 26, 2013, this Court entered an Order Staying Case Pending Appeal and ordered the Clerk to "… administratively CLOSE this case during the pendency …" of the stay.  (ECF No. 16) (Emphasis in original.) [1]

5. On July 18, 2014, the Eleventh Circuit issued its Opinion affirming the district court and confirming, among other things, (1) that dismissal of the original action became a dismissal with prejudice, (2) that FIRST AMERICAN was the prevailing party and therefore entitled to attorneys' fees under Fla. Stat. §675.111(5) and (3) that the

---

[1] Pursuant to the Court's Order, FIRST AMERICAN's Motion to Dismiss Counts I, II and III of the Complaint (ECF No. 1-2, pps. 15-22 & 11) and DEPENDABLE's Unopposed Motion for Leave to File Amended Complaint (ECF No. 13) were denied without prejudice to be re-filed if the stay in the above-styled action is lifted.

district court did not abuse its discretion in awarding attorneys' fees in the amount of $61,175.98 to FIRST AMERICAN.  A copy of the Mandate filed in the original action is attached hereto as Exhibit "**A**."

6.  By separate submissions, as the prevailing party on appeal, FIRST AMERICAN filed Bills of Costs (1) with the appellate court, and (2) with the district court.[2]  These costs were approved on August 11, 2014 by the appellate court and awarded on August 26, 2014 by the district court.

7.  FIRST AMERICAN filed a Motion for Attorneys' Fees and Expenses of Litigation on Appeal pursuant to 11th Cir. R. 39-2, U.C.C. §5-111(e) and Fla. Stat. §675.111(5) in the original action.  A copy of the Eleventh Circuit's Docket Sheet is attached hereto as Exhibit "**B**."  The Motion has not been fully briefed.

## Memorandum of Law

Both the original action and this action involve the same parties and the same alleged operative facts and transactions.  The theories of action seeking recovery against FIRST AMERICAN in the original case were wrongful dishonor of a letter of credit and fraud.  In this Complaint, the theories are breach of contract (for failure to pay the same letter of credit), breach of fiduciary duty, and fraud.  (ECF No. 1-2, pps. 6-12)

Courts have consistently found the power to dismiss an action for nonpayment of costs in a prior action to be part of the inherent power of the courts. *Hacopian v. U.S. Dep't of Labor*, 709 F. 2d 1295 (9th Cir. 1983). This practice was designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter.  *Id.*  The sanction of dismissal for nonpayment of costs in a prior

---

[2] Pursuant to Fed. R. App. P. 39(e), certain costs on appeal are taxable in the district court.

involuntarily dismissed action can therefore be an important power for the district court in preventing harassment and vexatious litigation. *Id.*

In this case, the operative facts and transactions alleged in both the original case and this Complaint are nearly identical. The Eleventh Circuit's determination that the final order in the original action was a with prejudice dismissal brings into clarion view the need for this Court to exercise its power to prevent harassment and vexatious litigation.

Accordingly, this Court should order DEPENDABLE to pay FIRST AMERICAN $61,175.98, plus interest at the rate of 4.75%, pursuant to the Final Judgment entered in the original case, affirmed on appeal, as well as, all fees and costs awarded and to be awarded in regard to the appeal. See*, Hacopian*, *supra, citing J.* Moore, *Federal Practice,* ¶41.16 at 226-27 (2d ed. 1982); *Quality Data Sys., Inc. v. Fin. Bus. Equip. Solutions, Inc.*, 20009 WL 1393352 (S.D. Fla. May 18, 2009). Moreover, if DEPENDABLE fails to pay as and when ordered by this Court to do so, this action should be dismissed, with prejudice. *Wolf v. Pacific National Bank, N.A.,* 2010 WL 1462298 (S.D. Fla. March 18, 2010), *adopting report and recommendation,* 2010 WL 1489995 (S.D. Fla. April 13, 2010) (ordering that failure to pay costs, including attorney's fees, of a prior case that was voluntarily dismissed, warrants dismissal of a subsequently filed action).

On the other hand, if DEPENDABLE pays all amounts due by reason of district and appellate court judgments and orders, the stay should be lifted and the action proceed in usual course. However, the stay should remain in place until the appellate and/or district court rule on FIRST AMERICAN's pending Motion for Attorneys' Fees

and Expenses of Litigation on Appeal, and this Court makes certain that all such amounts due are paid before allowing this case to proceed.

\* \* \*

Accordingly, Defendant, FIRST AMERICAN BANK OF ILLINOIS, requests that this Court enter an order:

  a. Partially lifting the stay and ordering the Clerk to administratively reopen this case.

  b. Requiring DEPENDABLE to pay $61,175.98, plus interest at the rate of 4.75%, to FIRST AMERICAN pursuant to the Final Judgment for fees, costs and other expenses of litigation, plus the costs of $154.30 approved by the appellate court and $582.75 awarded by order of the district court in the original action.

  c. If DEPENDABLE does not pay FIRST AMERICAN all amounts due under sub-paragraph b. above within 20 days of this Court's order, the above-styled action should be dismissed with prejudice and the Court retain jurisdiction to award attorney's fees, costs and other expenses of this litigation.

  d. If DEPENDABLE does pay FIRST AMERICAN the amounts due under sub-paragraph b. above within 20 days of the Court's order, the above-styled action should be stayed until such time as an order is entered by the appellate court or district court in the original action, on FIRST AMERICAN's pending Motion for Attorney's Fees and Expenses of Litigation on Appeal.

    e. Once one or more orders are entered by the appellate court and/or district court in the original action, DEPENDABLE should be required to pay FIRST AMERICAN those attorney's fees, costs and other expenses of litigation awarded, if any, within 20 days of entry of said order.

    f. If DEPENDABLE does not pay FIRST AMERICAN, within 20 days of entry of each order entered by the appellate court and/or district court, all amounts awarded, with interest (if any) as prescribed, the above-styled action should be dismissed, with prejudice, and the Court should retain jurisdiction to award attorney's fees, costs and other expenses of litigation.

    g. On the other hand, if DEPENDABLE does pay FIRST AMERICAN all amounts required by the appellate court and/or district court in the original action, the stay should be completely lifted and this matter proceed in usual course.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties and non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Respectfully submitted,

KELLER & BOLZ, LLP
Attorneys for FIRST AMERICAN BANK
   OF ILLINOIS
121 Majorca Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 529-8500
Telefax: (305) 529-0228
Email: jkeller@kellerbolz.com
Email: smesa@kellerbolz.com

By: *s/ John W. Keller, III*
     JOHN W. KELLER, III
     Fla. Bar No. 229989
     SHEYLA MESA
     Fla. Bar No. 86148

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, Motion to Partially Lift Stay and Administratively Reopen Case, was served via transmission of Notice of Electronic Filing generated by CM/ECF on this 27th day of August, 2014, on all counsel or parties of record on the Service List below.

## SERVICE LIST

Chase A. Berger, Esq.
chase@bergerfirm.com
Laura E. Burgess, Esq.
lburgess@bergerfirm.com
BERGER FIRM P.A.
2410 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 780-5577
Facsimile: (954) 780-5578
*Counsel for Plaintiff*